# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NATHAN R. HOYE,<br><br>    Petitioner,<br><br>v.<br><br>THE COMMONWEALTH OF PENNSYLVANIA, et al.,<br><br>    Respondents. | Civil Action No. 2: 16-cv-1067<br><br>United States Magistrate Judge<br>Cynthia Reed Eddy |

## MEMORANDUM OPINION[1]

Petitioner, Nathan R. Hoye, is a state prisoner incarcerated at the State Correctional Institution at Huntingdon, Pennsylvania. He seeks a writ of habeas corpus, *pro se*, pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the petition will be denied.

**I.  Procedural History**

Petitioner, Nathan R. Hoye ("Petitioner" or "Hoye"), proceeding pro se, challenges the judgment of sentenced entered on May 7, 2015, in Case No. CP-02-CR-0015303-2014, by the Court of Common Pleas of Allegheny County. On that date, he pled guilty and was convicted of Simple Assault (Count One), Assault by Prisoner (Count Two), and two counts of Terroristic Threats (Counts Three and Four). In total, Hoye was sentenced to a term of sixteen (16) to thirty-two (32) months of incarceration, followed by a four (4) year term of probation.

Through counsel, Hoye filed a Post-Sentence Motion for Reconsideration of Sentence, which was denied on August 26, 2015.

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a U.S. Magistrate Judge conduct proceedings in this case, including entry of a final judgment. *See* ECF Nos. 29 and 36.

1

Hoye, through counsel, appealed to the Superior Court in which he argued that the trial court abused its discretion by "imposing a clearly unreasonable sentence that failed to account for the protection of the public, the gravity of the offense in relation to the impact on the victim and community, and Mr. Hoye's mental state at the time of the incident." On May 20, 2016, the Superior Court affirmed the trial court. On June 3, 2016, through counsel, Petitioner filed a Petition for Allowance of Appeal ("PAA") with the Pennsylvania Supreme Court. On October 7, 2016, through counsel, Petitioner filed an Application to Discontinue Petition for Allowance, which was granted and Petitioner's PAA was dismissed. Hoye did not seek relief under the Pennsylvania Post Conviction Relief Act.

Similar to the arguments raised in his post-sentencing motion and on appeal, Hoye, in the instant federal habeas petition, argues that he deserves a lesser sentence because the crime was not serious enough to warrant state prison time, the victim did not suffer serious injury, he suffers from mental health issues, and has accepted responsibility. He also raises for the first time, and without any analysis or explanation, a double jeopardy claim.

**II.     Standard of Review**

    A.   <u>28 U.S.C. § 2254</u>

This case is governed by the federal habeas statute applicable to state prisoners. 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L.No. 104-132, 110 Stat. 1214, enacted on April 24, 1996 ("AEDPA"). Under this statute, habeas relief is only available on the grounds that Hoye's convictions were obtained in violation of his federal constitutional rights. 28 U.S.C. § 2254(a).

As codified at 28 U.S.C. § 2254(d), AEDPA provides as follows:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

"A state-court decision is 'contrary to' clearly established federal law if the state court (1) 'contradicts the governing law set forth in [the Supreme] Court's cases or (2) 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a [different] result.' " *Lambert v. Blackwell*, 387 F.3d 210, 234 (3d Cir. 2004) (quoting *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000)). Few state court decisions will be "contrary to" Supreme Court precedent. "Clearly established Federal law" should be determined as of the date of the relevant state-court decision. *Greene v. Palakovich,* 606 F.3d 85, 95 (3d Cir. 2010), *aff'd*, *Greene v. Fisher,* 565 U.S. 34 (2011).

The federal habeas court more often must determine whether the state court adjudication was an "unreasonable application" of Supreme Court precedent. "A state-court decision 'involve[s] an unreasonable application' of clearly established federal law if the state court (1) 'identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular . . . case'; or (2) 'unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably

3

refuses to extend that principle to a new context where it should apply.' " *Id*. (quoting *Williams*, 529 U.S. at 407).

B.    AEDPA's Threshold Requirements

Before the Court can address the merits of Hoye's claims, it is necessary to examine whether the petition fulfills the applicable procedural requirements as set forth in AEDPA. The first consideration in reviewing a federal habeas corpus petition is whether the petition was timely filed under AEDPA's one-year limitations period. 28 U.S.C. § 2244(d). Respondents do not dispute that Hoye's petition was timely filed. The Court agrees and finds that Hoye's petition was timely filed.

Next, the Court must address whether Hoye exhausted the "remedies available [to him] in the courts of the State." 28 U.S.C. § 2254(c). Respondents do not dispute that Hoye's claim that his sentence is excessive has been exhausted. The Court agrees and finds that this claim has been exhausted, is not procedurally defaulted, and thus is properly before the Court.

However, as Respondents point out, the double jeopardy claim was not raised before the Superior Court on appeal and, therefore, was not considered by the Superior Court. Therefore, Hoye's double jeopardy claim is subject to exhaustion and procedurally default bars.[2]

---

[2]     In his Concise Statement, Hoye challenged his sentence as amounting "to double punishment." The trial court considered this claim and dismissed it on the merits. The "double punishment" claim was <u>not</u> included in Hoye's appeal. While Hoye uses the phrase "double jeopardy" multiple times in the instant petition, he sets forth no analysis or facts to support this claim. *See Mayberry v. Petsock*, 821 F.2d 179, 187 (3d Cir. 1987) (Petitioner's vague and general allegations fail to make sufficient showing to justify relief."). Even assuming that Hoye's double jeopardy claim and the double punishment claim are the same, this claim has never been considered by the Pennsylvania Superior Court and, therefore, it has not been properly exhausted. Hoye does not present any argument which would excuse the procedural default bar of this claim.

**III.     Review of Petitioner's Claim**

As he did on direct appeal, Hoye argues in this Petition that his sentence is excessive because the trial court did not consider available mitigating factors when imposing his sentence. Hoye cannot prevail on this claim because, under the circumstances presented, it is not a cognizable federal habeas claims.

Alleged defects in the state court's sentencing procedure constitute state law claims and do not provide a ground for federal habeas corpus relief. *See Pringle v. The Court of Common Pleas*, 744 F.2d 297, 300 (3d Cir. 1984). Sentencing complaints such as those that involve excessiveness sound in state law and are not cognizable herein. Sentencing is a matter of state criminal procedure and as long as the sentence imposed falls within the statutory boundaries, it does not implicate federal constitutional issues. The application of state law results in a violation of due process only if the sentence is arbitrary and capricious. *See Richmond v. Lewis*, 506 U.S. 40, 50 (1992). Such is not the case here.

Hoye has not alleged that the sentence he received was beyond the statutory maximum. Nor has he made any allegation that would take his case outside the general rule that state prisoner attacks on the discretionary aspects of sentencing are simply not cognizable because they present no federal law question.

Further, the record belies Hoye's claims that the trial court failed to consider mitigating facts of record. As the Superior Court noted, at the plea hearing the trial court expressly recognized the seriousness of attacking a corrections officer as well as Hoye's mental health issues, for which he continually refused to obtain treatment. *Commonwealth v. Hoye*, No. 1481 WDA 2015, slip op., 2016 WL 2962737, at *2 (Pa. Super. Ct. May 20, 2016). In affirming Hoye's sentence, the Superior Court stated:

> We are satisfied that the trial court adequately acknowledged and was extensively aware of the mitigating factors present in this case. Hoye cannot repeatedly flaunt the court's efforts to offer chances for mental health care and rehabilitation and then cry foul when the court imposes a standard range sentence for his continued criminal conduct.

*Id*. at *3.

After a review of the submissions of the parties, and the state court record, this Court concludes that the sentence imposed neither exceeded statutory limits nor demonstrated excessiveness. Accordingly, federal habeas corpus review of Hoye's sentence is not appropriate and his petition will be denied.

### IV. Certificate of Appealability

Section 102 of AEDPA, which is codified at 28 U.S.C. § 2253, governs the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Where the district court has rejected a constitutional claim on its merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*. Applying those standards here, the Court concludes that jurists

6

of reason would not find it debatable whether Hoye's claim should be dismissed. Accordingly, a certificate of appealability will be denied.

## IV. Conclusion

For all of the above reasons, the petition for a writ of habeas corpus will be denied. There has been no substantial showing of the denial of a constitutional right requiring the issuance of a certificate of appealability. An appropriate Order follows.

Dated: May 8, 2017

s/ Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

cc: NATHAN R. HOYE
LZ6846
SCI Huntingdon
1100 Pike Street
Huntingdon, PA 16654
(via U.S. First Class Mail)

Emily B. Grawe
Ronald M. Wabby, Jr.
Office of the District Attorney of Allegheny County
(via ECF electronic notification)